**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

**FREDERICK BANKS**                                                                 **PETITIONER**
**Reg #05711-068**

**VS.**                                **NO. 2:12-CV-00141-SWW-BD**

**T.C. OUTLAW, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                                          **RESPONDENT**


**RECOMMENDED DISPOSITION**

**I.      Procedure for Filing Objections:**

The following recommended disposition has been sent to United States District

Judge Susan Webber Wright.  Any party may file written objections to this

recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding, must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "statement of necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   <u>Background</u>:

Petitioner Frederick Banks is currently serving a federal sentence at the Federal Correctional Complex in Forrest City, Arkansas ("FCC-Forrest City").  He brings this petition for writ of habeas corpus (#2) under 28 U.S.C. § 2241.

Mr. Banks claims that he requested records from FCC-Forrest City psychology staff regarding a set back in the Bureau of Prisons' ("BOP") Residential Drug Abuse Program ("RDAP"), but he has never received the records.  (#2 at pp. 4-5)  Mr. Banks claims that, as a consequence of the set back, he will lose 2 1/2 months of credit towards early release.  Further, he claims that no jury imposed the special assessment fee and restitution in his two criminal cases, making them invalid.   (#2 at p. 4)

Respondent contends that the petition should be dismissed because Mr. Banks failed to exhaust his administrative remedies.  For the reasons that follow, the Court recommends that the District Court dismiss the petition without prejudice.

### III.   **Discussion**:

A.   *Exhaustion of Administrative Remedies*

The BOP offers the RDAP to inmates identified as having a substance abuse problem.  As an incentive for successful completion of the program, Congress enacted 18 U.S.C. § 3621(e), which allows the BOP to reduce nonviolent offenders' sentences by up to one year after completion of the program.  18 U.S.C. § 3621(e)(2)(B).  The BOP has broad authority under the federal regulations to manage drug abuse treatment programs. See 28 C.F.R. § 550.53(g)(1) (giving the drug abuse treatment coordinator the authority to remove an inmate from the program if the inmate behaves disruptively).

Additionally, the BOP is responsible for computing any sentence credits for inmates who complete the RDAP.  *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351 (1992).  Prisoners are entitled to administrative review of the computation of their credits by the BOP under the procedures set forth in 28 C.F.R. §§ 542.10-542.16.  After properly exhausting administrative remedies, an inmate may seek judicial review by filing a habeas corpus petition under 28 U.S.C. § 2241.  *Wilson*, 503 U.S. at 335, 112 S.Ct. 1351; *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004).  The exhaustion requirement can be waived if the prisoner shows that attempting to exhaust would be futile.

In this case, Mr. Banks claims that the Respondent violated the Due Process clause, his First Amendment speech rights, and the Fifth Amendment Equal Protection

3

clause by setting him back 500 hours, about 70 days, in the RDAP and not providing him

with proper documentation regarding the setback.  (#2 at pp. 4-5)

      In response to the Petition, Respondent attaches a declaration from Robert A.

Clark, Jr.  Mr. Clark, a Senior Attorney-Advisor with the BOP, explains that the BOP has

a three-step administrative process set forth in 28 C.F.R. §§ 542.10-542.16 that inmates

must complete before bringing most habeas cases.  Mr. Clark avers that, according to

BOP records, Mr. Banks filed an Administrative Remedy Request with respect to his

document request on July 12, 2012, which was denied by the institution on July 13, 2012.

(#4-1 p. 3)  Mr. Banks appealed the Warden's decision, and the appeal was accepted by

the Regional Office on July 23, 2012.  *Id*.  No decision, however, had been made with

regard to Mr. Banks's request at the Regional level as of Aug. 10, 2012.  *Id.*  Mr. Banks

filed this suit on July 12, 2012.  (#2)

      Mr. Banks claims that any attempt to follow the formal grievance procedure at this

point would be futile because, by the time all administrative remedies are exhausted, he

would already be released.  Mr. Banks may believe that the administrative process is

futile because his expected release date is May 12, 2013. (#4-1 pp. 2 & 7)  However,

there is still time remaining for Mr. Banks to complete the administrative process that he

has already started.  In addition, the BOP should be permitted an opportunity to fully

assess Mr. Banks's claim before a federal court intervenes.  See *United States v. Chappel*,

208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam) (district court did not err in denying a

federal prisoner's motion seeking credit against his sentence because the prisoner had not

exhausted his administrative remedies); *Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th

Cir. 1993) (federal prisoner seeking credit against a sentence must exhaust their

administrative remedies before filing a habeas petition).

Mr. Banks claims that the RDAP officials set him back in the program because he

is Indian and not white, and that the setback is purposeful discrimination in violation of

the Fifth Amendment Equal Protection Clause.  (#2 at p. 5)  He also claims that the

RDAP officials violated his First Amendment Free Speech rights.  *Id.*  Again, Mr. Banks

has not exhausted any of these claims.

Mr. Banks's request for recorded documentation regarding his set back in the

RDAP program, as well as his First Amendment and Fifth Amendment claims, must all

be dismissed.

B.    *Restitution and Special Assessment Fees*

Mr. Banks was convicted on multiple charges in the Western District of

Pennsylvania in October 2004, and his conviction was upheld on appeal.  *United States v.*

*Vampire Nation*, 451 F.3d 189 (3rd Cir. 2006), cert. den. 549 U.S. 970.  His sentence

included an order of restitution in the amount of $70,708.59 and a special assessment of

$700.  *Id.*  (#4-1 at p. 8)  In 2005, Mr. Banks was convicted of mail fraud, and his

conviction was affirmed on appeal.  *United States v. Banks*, 300 Fed. Appx. 145 (3rd Cir.

2008).  In that case, his sentence included an order to pay restitution in the amount of

$15,100.10 and a special assessment of $800.  (#4-1 at p. 9)  See *Banks v. United States*, 2012 WL 253183, *1 (W.D. Pa. 2012).

In his petition, Mr. Banks claims that the recent Supreme Court case of *Southern Union Co. v. U.S.*, 567 U.S. ___, 132 S.Ct. 2344 (2012) created new constitutional law making the restitution and special assessment fines assessed as part of his sentences invalid because they were not imposed by a jury.  (#2 at p. 4)  Additionally, he claims that he is actually innocent of the two "fines," because a jury never found him guilty of these "fines."  (#2 at p. 4)

Because these claims attack the validity of his sentences and not the duration of his custody, the claims cannot be brought in a habeas corpus petition.  *Sample v. Roal*, 2010 WL 2131002 (D. Minn. 2010).  In order to challenge his sentences, Mr. Banks must petition the Third Circuit to approve a successive § 2255 petition under 28 U.S.C. §§ 2244(b)(2)(A), 2255(h)(2).  If approved, he may then file a petition with the trial court to correct what he claims are errors in his sentences.

## IV.    Certificate of Appealability

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability.  Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court.  The Court can issue a certificate of appealability only if Mr. Banks has made a substantial showing of the denial of a constitutional right.  28 U.S.C.

§ 2253(c)(1)-(2).  In this case, Mr. Banks has not provided a basis for issuing a certificate

of appealability.  Accordingly, a certificate of appealability should be denied.

**V.      Conclusion:**

Mr. Banks has not exhausted his administrative remedies regarding his request for

the RDAP documents or his First and Fifth Amendment claims.  Finally, Mr. Banks

cannot raise the restitution and special assessment issues in a § 2241 petition in this

Court.  Accordingly, Mr. Banks's petition for writ of habeas corpus (#2) should be

dismissed without prejudice.

IT IS SO ORDERED this 17th day of October, 2012.


_____
UNITED STATES MAGISTRATE JUDGE